# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION A. TEMPLE,<br>        Plaintiff,<br><br>vs.<br><br>COMMONWEALTH; and S.C.I.-<br>FAYETTE,<br>        Defendants. | Civil Action No. 12-1435<br>Judge Cathy Bissoon/<br>Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, the Complaint be dismissed for failure to state a claim upon which relief can be granted.

### II. REPORT

Dion Temple ("Plaintiff") has filed a civil rights Complaint, alleging that his constitutional rights were violated by the Defendants, Commonwealth of Pennsylvania and the State Correctional Institution at Fayette ("SCI-Fayette"). Plaintiff alleges that the Defendants are deducting monies from his inmate account without justification. Plaintiff seeks as relief, an injunction, requiring an accounting and the return of all monies taken.

On March 6, 2013, the Court ordered Plaintiff to file an amended complaint because the Complaint as it stood was dismissible pre-service. That order explained:

> As it now stands, the Complaint would be dismissible pre-service because the Eleventh Amendment bars Plaintiff from suing the Commonwealth of Pennsylvania irrespective of the type of relief requested. *See Lavia v. Pennsylvania, Dep't of Corrections*, 224 F.3d 190, 195 (3d Cir. 2000) ("the type of relief sought is irrelevant to the question of Eleventh Amendment immunity.").

> As for SCI-Fayette, it is simply a building or a series of buildings and has no legal ability to be sued.

ECF No. 12 at 1 – 2 (the "March 6, 2013 Order"). The Court directed that the amended complaint be filed by April 1, 2013, and warned Plaintiff that "[f]ailure to file the Amended Complaint by the required date will result in the case being dismissed for failure to prosecute and/or because the current complaint fails to state a claim upon which relief can be granted." Id. at 2. The March 6, 2013 Order was sent to Plaintiff at his address of record. As of this date, Plaintiff has not filed an amended complaint as directed.

## A. PROCEDURAL AND FACTUAL BACKGROUND

At the time of the initiation of this civil action, Plaintiff was a prisoner in SCI-Fayette. Plaintiff is proceeding pro se and his Motion for Leave to Proceed In Forma Pauperis ("IFP Motion") has been granted. ECF No. 9. The Complaint has not been served yet.

## B. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status and/or because Plaintiff sues government entities, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee

2

of a governmental entity."). See also 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915A & 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

In reviewing complaints as mandated by 28 U.S.C. §§ 1915(e) & 1915A and in applying the standards applicable to a Rule 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

**C. DISCUSSION**

In this case, the Complaint should be dismissed for failure to state a claim upon which relief can be granted for the reasons given in the March 6, 2013 Order. Namely, the Commonwealth of Pennsylvania is entitled to Eleventh Amendment immunity and cannot be sued in a federal court under Section 1983 for any alleged violations of Plaintiff's constitutional rights, regardless of the relief sought. See, e.g., Jones v. Hashagen, __ F. App'x _, __, 2013 WL 363444, at *2 (3d Cir. 2013) ("This immunity, afforded by the Eleventh Amendment, can only be abrogated by Congress or by state consent. Congress has not abrogated the immunity regarding Jones' claims, nor has Pennsylvania consented to suit.")(citations omitted); Lavia v. Pennsylvania, Dep't of Corrections, 224 F.3d 190, 195 (3d Cir. 2000) ("the type of relief sought is irrelevant to the question of Eleventh Amendment immunity.").

As for SCI-Fayette, it does not possess the independent capacity to be sued in federal court, given that it is simply a building or series of buildings. Dickson v. SCI-Greensburg, No. 2:08–cv–1102, 2010 WL 4641550, at *3 (W.D.Pa., Nov. 8, 2010) ("we find that SCI–Greensburg has no independent capacity to be sued and on that basis alone must be dismissed as a party defendant") (citing Fullman v. Pennsylvania Dept. of Corrections, Civil Action No. 4:07CV–000079, 2007 WL 257617, at *3 (M.D.Pa. Jan.25, 2007) ("Even more so, SCI–Smithfield is not even a state entity. It is simply a building.")); Wood v. Pennsylvania Bd. of Probation and Parole, Civ.A. No. 08-76J, 2009 WL 1913301, at *3 n.4 (W.D.Pa., July 2, 2009) ("To the extent that SCI–Cresson cannot be considered an alter-ego of the State, then it has no capacity to be sued at all.").

In the alternative, the Court finds that the Complaint fails to state a claim upon which relief can be granted because neither of the Defendants constitutes a "person" for purposes of

Section 1983. In order to establish a Section 1983 cause of action, a plaintiff must sufficiently allege: 1) that there was a "person" acting under color of state law; 2) whose actions under color of state law caused him to be deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988).

Because the Commonwealth of Pennsylvania is not a "person," the Complaint fails to state a claim upon which relief can be granted. Nelson v. Dauphin County Public Defender, 381 F. App'x 127, 128 (3d Cir. 2010) ("We also agree with the District Court's conclusion that no claim can be made against the Commonwealth of Pennsylvania, because it is not a 'person' subject to suit under section 1983.") (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.")).

Similarly, SCI-Fayette does not constitute a "person." Ruff v. Health Care Adm'r, 441 F. App'x 843, 845 (3d Cir. 2011) ("The District Court sua sponte dismissed Ruff's claims as to SCI–Coal Township, SCI–Coal Township's Medical Staff, and Kathryn McCarthy, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). This was not error. The District Court properly concluded that Ruff cannot sue SCI–Coal Township or the prison's medical department itself because these entities are not 'persons' under § 1983.") (citing Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973)). Accordingly, the Complaint fails to state a claim as to SCI-Fayette.

### III. CONCLUSION

For the reasons set forth herein, it is recommended that the Complaint be dismissed pursuant to the screening provisions of the PLRA because the Complaint fails to state a claim upon which relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule

5

72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                   Respectfully submitted,

May 14, 2013              <u>s/Maureen P. Kelly</u>
                   MAUREEN P. KELLY
                   UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Cathy Bissoon
    United States District Judge

    Dion A. Temple
    HF-5212
    SCI Fayette
    Box 9999
    LaBelle, PA 15719